UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                  :

STRIKE 3 HOLDINGS, LLC,             :

                                  :   Case No. 1:19-cv-02552-LAK-OTW

                 Plaintiff,           :

                                  :

              vs.                          :

                                  :

JOHN DOE subscriber assigned IP address   :
74.66.83.211,

                                  :

                  Defendant.       :
------------------------------------------------------------X

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S
LETTER MOTION TO QUASH**

Plaintiff, Strike 3 Holdings, LLC ("Strike 3" or "Plaintiff") respectfully submits this opposition to the Letter Motion to Quash the Subpoena issued upon Defendant's Internet Service Provider ("ISP"), Spectrum, that was filed by Defendant John Doe ("Defendant").

I.    **INTRODUCTION**

Plaintiff's limited subpoena "will allow Plaintiff to obtain the information necessary to serve Defendant with the Complaint in this action, thereby allowing Defendant to defend [himself] against Plaintiff's accusations." *Strike 3 Holdings, LLC v. Doe*, No. CV 17- 9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018) (denying motion to quash). Defendant's letter merely protests his innocence, which is not grounds to quash a subpoena. "If any defendant could quash a subpoena based on the mere possibility that someone else has used the defendant subscriber's IP address to perpetuate the alleged infringement then a plaintiff would be unable to enforce its rights." *Malibu Media, LLC v. John Does 1-18*, No. CV 12-07789 KM, 2014 WL 229295, at *8 (D.N.J. Jan. 21, 2014) (denying motion to quash). Strike 3, however, does not

1

oppose Defendant's request to remain pseudonymous as "John Doe" during this proceedings. For the following reasons, Plaintiff respectfully requests this Court deny Defendant's Motion.

## II. FACTS

Plaintiff owns the intellectual property to the award-winning adult motion pictures released under the *Blacked*, *Blacked Raw*, *Tushy*, and *Vixen* brands. *See* [CM/ECF 7, at 1]. Its success and notoriety, however, have led to concurrent rise in piracy of its works, and Plaintiff has filed suits against to most egregious infringers to protect its copyrights. *See id.* Strike 3 requested leave of court to issue an early subpoena on Defendant's ISP to uncover the name and address of the subscriber so that it can investigate its claims. *See* [CM/ECF 6, 7]. The Court granted Plaintiff's request, allowing Defendant to move to "litigate the subpoena anonymously." [CM/ECF 9]. On June 17, 2019 (the letter was not recorded on the docket until June 21), Defendant sent a letter motion to the Honorable Ona T. Wang requesting to remain pseudonymous and that the court quash the subpoena. [CM/ECF 12].

## III. LEGAL STANDARD

"[T]he party seeking to quash a subpoena bears a heavy burden of proof." *Kirschner v. Klemons*, No. CV 99-4828 (RCC), 2005 WL 1214330, at *2 (S.D.N.Y. May 19, 2005) (citation omitted). The Federal Rules of Civil Procedure are clear: courts will only quash or modify a subpoena under six circumstances. *See* Fed. R. Civ. P. 45(d)(3)(A)–(B). Those include whether the subpoena (1) "fails to allow a reasonable time to comply"; (2) requires a non-party to travel beyond certain geographical limits; (3) requires disclosure of privileged materials; (4) subjects a person to "undue burden"; (5) requires disclosure of "a trade secret or other confidential research, development, or commercial information"; or (6) requires disclosure of certain expert opinions. *Id.* "No other grounds are listed." *Crocs, Inc. v. Effervescent, Inc.*, No. CV 06-00605-PAB-KMT,

2017 WL 3888455, at *2 (D. Colo. Jan. 30, 2017) (collecting cases).  "Absent a finding by a court that a valid basis exists to quash a subpoena, the party receiving the subpoena *must comply* with it.  *Id.* (collecting cases) (emphasis original).

IV.     **ARGUMENT**

A.  **Defendant's Averment of Innocence is Not Grounds to Quash a Subpoena**

"[A] general denial of liability . . . is not a basis for quashing" a subpoena."  *Strike 3 Holdings, LLC v. Doe*, No. CV 17-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018) (*Voltage Pictures, LLC v. Does 1–5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011) (collecting cases)).  Here, Defendant claims that he is a "senior citizen" who has never illegally downloaded or uploaded any of the motion pictures in question.  *See* [CM/ECF 12, at 1].  This is not grounds to quash a subpoena.  *See Strike 3 Holdings*, No. CV 17-9659 (VEC), 2018 WL 2371730, at *2 (rejecting a similar argument based on the Defendant's age); *Strike 3 Holdings, LLC v. Doe*, No. CV18-2648 (VEC), 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (citations omitted) ("It is well-established that 'the merits of [a party's] case are not relevant to the issue of whether [the party's] subpoena is valid and enforceable.'"); *Strike 3 Holdings, LLC v. Doe*, No. CV 18-02637 (MCE)(CKD), 2019 WL 935390, at *2 (E.D. Cal. Feb. 26, 2019).  Indeed, because Plaintiff does not know Defendant's identity, it simply has no way of knowing if anything Defendant says in his letter is true.  If anyone could avoid liability by submitting an anonymous letter, Plaintiff would never be able to pursue its case.  However, once Plaintiff receives Defendant's identity from its subpoena it will, pursuant to Fed. R. Civ. P. 11, investigate and ensure it only proceeds if it has a good faith basis for believing it has found the infringing party.  Accordingly, Defendant has failed to carry the "heavy burden" of demonstrating why a court-approved subpoena should be quashed, and his Motion fails.

### B. Plaintiff Invites This Court to Implement a Protective Order Allowing Defendant to Remain Pseudonymous

Defendant also moves this Court to remain pseudonymous while this case is litigated. [CM/ECF 12, at 1]. Strike 3 does not oppose such relief. In fact, it encourages it. Indeed, as courts have noted, "Strike 3 Holdings has a policy 'to keep confidential the identity of not only [its] subscribers, but even those [it is] pursuing for copyright infringement,' based on its desire to protect the consumer's personal choice to view adult content," *Strike 3 Holdings, LLC v. Doe*, 325 F.R.D. 499, 503 (D.D.C. 2018). While Plaintiff does not use the information it gains during discovery for any improper purpose, the protective order "remove[s] coercion from a defendant's calculation." *Malibu Media, LLC v. Doe*, No. CV 15-4381 JFK, 2015 WL 4923114, at *1 n.4 (S.D.N.Y. Aug. 18, 2015). Plaintiff respectfully invites this Court to issue a protective order allowing Defendant to remain pseudonymous as "John Doe."

### V.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Letter Motion to Quash.

Dated: July 5, 2019

Respectfully submitted,

By: /s/ *Jacqueline M. James*
Jacqueline M. James, Esq. (1845)
The James Law Firm, PLLC
445 Hamilton Avenue, Suite 1102
White Plains, New York 10601
T: 914-358-6423
F: 914-358-6424
E-mail: jjames@jacquelinejameslaw.com
*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on July 5, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

      By:    */s/ Jacqueline M. James*