UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
STRIKE 3 HOLDINGS, LLC,

                     Plaintiff,

        -against-

JOHN DOE, *subscriber assigned IP address 74.66.83.211*,

                     Defendant.

------------------------------------------------------------x

19-CV-2552 (LAK) (OTW)

**OPINION & ORDER**

**ONA T. WANG, United States Magistrate Judge:**

**I.    Introduction**

Plaintiff Strike 3 Holdings, LLC ("Plaintiff") brought this copyright infringement action against Defendant John Doe ("Defendant"), who has been identified only by their alleged Internet Protocol ("IP") address, 74.66.83.211. Plaintiff sought leave to serve a third-party subpoena on Defendant's Internet Service Provide ("ISP"), Spectrum, for disclosure of Defendant's identifying information, which the Court granted on April 16, 2019. (ECF 9). Defendant, proceeding *pro se*, subsequently filed a letter response to Plaintiff's subpoena request, which the Court will liberally construe as a motion to quash Plaintiff's third-party subpoena. (ECF 12). Defendant also requests that they be permitted to proceed anonymously in this litigation. (*Id*.) For the reasons that follow, Defendant's motion to quash is **DENIED** and Defendant's request to proceed anonymously is **GRANTED**.

**II.    Background**

Plaintiff owns adult motion pictures, which it distributes through various subscription-

based adult websites, DVDs and licensing agreements. (Compl. ¶¶ 2-3, 13). Plaintiff alleges that Defendant, using the file-sharing network BitTorrent, illegally downloaded and distributed forty-eight copyrighted motion pictures. (*Id.* ¶ 4). Plaintiff asserts that these works have been registered with the United States Copyright Office, and that Defendant obtained and distributed them without Plaintiff's authorization. (*Id.* ¶¶ 27, 31).

Plaintiff knows Defendant only by an IP address. (*Id.* ¶ 1). Plaintiff alleges that its investigator, IPP International U.G., connected to Defendant's IP address through the BitTorrent file distribution network and downloaded from that IP address several digital media files containing Plaintiff's motion pictures. (*Id.* ¶¶ 24-25). Plaintiff then verified that each file downloaded from Defendant's IP address contained a digital copy of a work that was "identical," "strikingly similar," or "substantially similar" to Plaintiff's original copyrighted movies. (*Id.* ¶ 29).

Plaintiff then moved this Court for leave to subpoena Defendant's name and address from their ISP, Spectrum, in advance of a Rule 26(f) conference. (ECF 6). The Court granted Plaintiff's motion on April 16, 2019, giving Spectrum 30 days to serve the subpoena on Defendant and giving Defendant 45 days from service to contest the subpoena. (ECF 9). In the interim, Spectrum was directed not to turn over any identifying information until any motion by Defendant regarding the subpoena was resolved. (*Id*. at 5).

Plaintiff served the subpoena on Spectrum on or about April 16, 2019. (ECF 11 ¶ 2). On June 17, 2019, Defendant filed a letter requesting the subpoena be dismissed on the grounds that they have never illegally downloaded any file. (ECF 12). Defendant further requested that they be permitted to litigate this subpoena anonymously. (*Id*.) Plaintiff filed its

2

opposition brief to Defendant's letter on July 5, 2019, arguing that Defendant's averment of innocence was insufficient to quash the subpoena but consenting to Defendant's request to remain anonymous throughout the litigation. (ECF 13).

### III.     Discussion

Federal Rule of Civil Procedure 45 allows a party to serve a subpoena for the production of documents and other information from a non-party. *See* Fed. R. Civ. P. 45(a)(1). The subpoena recipient may move to quash the subpoena if the subpoena "(i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(i)-(iv). The party seeking to quash the subpoena bears the burden of persuasion. *Concord Boat Corp. v. Brunswick Corp.*, 169 F.R.D. 44, 48 (S.D.N.Y. 1996). The same standard applies in a case such as this where a person other than the subpoena recipient moves to quash the subpoena. *See Strike 3 Holdings, LLC v. Doe*, No. 18-CV-2648, 2019 WL 78987, at *2 (S.D.N.Y. Jan. 2, 2019) (citing *Malibu Media, LLC v. Doe*, No. 15-CV-3504, 2016 WL 4444799, at *5-6 (E.D.N.Y. Aug. 23, 2016)).

Here, Defendant does not move to quash the subpoena on any of the grounds listed in Federal Rule of Civil Procedure 45(d)(3)(A). Instead, Defendant argues that they are a senior citizen and have never downloaded anything that was not legally obtained. (ECF 12). Defendant's argument, however, is merely a conclusory statement of innocence. As Plaintiff points out, "a general denial of liability . . . is not a basis for quashing the plaintiff's subpoena." *See Voltage Pictures, LLC v. Does 1-5,000*, 818 F. Supp. 2d 28, 35 (D.D.C. 2011). Defendant's

3

claim that they are "a senior citizen and have not now or at anytime downloaded anything that [she/he] has not legally obtained" is insufficient to meet the required standards. *See Strike 3 Holdings, LLC v. Doe*, No. 17-CV-9659 (VEC), 2018 WL 2371730, at *2 (S.D.N.Y. May 23, 2018) (denying motion to quash when defendant stated she was a 75-year old woman who is innocent of file sharing).

Instead, subpoenas issued pursuant to Rule 45 may obtain discovery regarding "any nonprivileged matter that is *relevant* to [a] party's claim or defense." *Malibu Media, LLC v. Doe*, No. 15-CV-3147, 2016 WL 5478433, at *2 (S.D.N.Y. Sept. 29, 2016) (quoting *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 345 (S.D.N.Y. 2011) (alteration and emphasis in original) (quoting Fed. R. Civ. P. 26(b)(1)). Relevance is to be "'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on' any party's claim or defense." *State Farm Mut. Auto. Ins. Co. v. Fayda*, No. 14-CV-9792, 2015 WL 7871037, at *2 (S.D.N.Y. Dec. 3, 2015) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

The information sought in this subpoena is undoubtedly relevant. Identifying the name and address of Defendant is required before Plaintiff is able to proceed with service of a complaint and summons. *See Malibu Media,* 2016 WL 5478433, at *4 (noting that "identifying Defendant is a necessary step" to determining if Defendant is the proper defendant). Once in possession of Defendant's name and address, Plaintiff can investigate and confirm it has a good faith basis for believing it has found the infringing party. Likewise, Defendant may move to dismiss the case, and in such a motion, can raise any arguments they may have.

Notwithstanding the denial of Defendant's motion to quash, to protect Defendant's identity, Defendant's request to proceed anonymously is granted. Plaintiff shall not disclose or

threaten to disclose Defendant's name or address. Plaintiff is ordered not to file publicly any of Defendant's identifying information and to file under seal all documents containing Defendant's identifying information.

Plaintiff is prohibited from obtaining any information from Spectrum other than Defendant's name and address. Plaintiff is further directed not to initiate settlement negotiations until after Defendant has been served. "These measures will enable Plaintiff's lawsuit to move forward, while limiting the risk that Defendant will be unfairly coerced into a settlement." *Strike 3 Holdings*, 2019 WL 78987, at *4; *see Malibu Media, LLC v. John Does 1–5*, 285 F.R.D. 273, 278 (S.D.N.Y. 2012) ("The ability of a John Doe defendant to ensure that his name will not be publicly associated with the case removes much, if not all, of the leverage that a plaintiff would possess to unduly coerce him into settlement.").

### IV. Conclusion

For the reasons discussed above, Defendant's motion to quash is **DENIED** and Defendant's request to remain anonymous is **GRANTED**. As previously directed, Plaintiff shall serve Defendant with the summons and complaint by **November 13, 2019**. (ECF 15). Plaintiff shall also serve a copy of this Order on Defendant within 14 days of receiving Defendant's identifying information from Spectrum.

**SO ORDERED**.

Dated: October 2, 2019  
New York, New York

*s/ Ona T. Wang*  
**Ona T. Wang**  
United States Magistrate Judge